IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


GRETCHEN MARIE MEDGIN,　　　　　　　　　No.　3:17-cv-00634-HZ

　　　　　　Plaintiff,　　　　　　　　　　　　　　OPINION & ORDER

　　v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

　　　　　　Defendant.


George J. Wall
1446 E Burnside Street, Suite 130
Portland, OR 97214

　　Attorney for Plaintiff


1 - OPINION & ORDER

Billy J. Williams
United States Attorney
Reneta Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Jeffrey E. Staples
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Gretchen Marie Medgin brings this action for judicial review of the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). Because the Commissioner's decision was free of legal error and supported by substantial evidence in the record, the Court AFFIRMS the decision and DISMISSES this case.

## BACKGROUND

Plaintiff has a bachelor's degree in nursing and was thirty-four years old on the alleged disability onset date of November 27, 2012. Tr. 26–27.[1] Plaintiff does not have past relevant work experience. Tr. 34. Plaintiff's application was denied initially on March 5, 2013, and upon reconsideration on August 28, 2013. Tr. 15. Two hearings were held before Administrative Law Judge ("ALJ") Paul G. Robeck on January 23, 2015, and July 24, 2015. Tr. 15, 43, 91. ALJ Robeck issued a decision on September 10, 2015, in which he found Plaintiff not to be disabled.

---

[1] Citation to "Tr." refer to pages of the administrative record transcript, filed here as Docket Nos. 9 & 10.

Tr. 15–36. Plaintiff sought review by the Appeals Council, but was denied, making ALJ Robeck's decision the final decision that Plaintiff now challenges in this Court.

SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

At the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the

claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

If the ALJ determines that the claimant is disabled and there is medical evidence of a substance use disorder, the ALJ must determine if the substance use disorder is a contributing factor material to the determination of disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). The ALJ must determine, to what extent, the claimant's limitations would remain if the claimant stopped the substance use. 20 C.F.R. §§ 404.1535(b)(1), 916.935(b)(1). If the remaining limitations would not be disabling, the substance use disorder is a contributing factor material to the determination of disability. 20 C.F.R. §§ 505.1535(b)(2), 416.935(b)(2). If so, the claimant is not disabled.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. Tr. 17

At step two, the ALJ determine that Plaintiff had the following severe impairments: "Arnold Chiari malformation with syrinx, status post Chiari decompression; and mental conditions variously described as post-traumatic stress disorder ("PTSD"), anxiety, major depressive disorder, pain disorder with psychological factors and a general medical condition and polysubstance abuse and dependence." Tr. 18.

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18

Before proceeding to step four, the ALJ formulated the following RFC for Plaintiff when considering the entire record, including her substance use disorders. The ALJ determined that Plaintiff had the RFC to perform light work, except:

> [S]tanding and walking is limited to no more than one hour a day (combined), and standing and walking is limited to no more than five minutes at a time; should not operate foot controls; limited to unskilled work; limited to only incidental contact with the public; no working as part of a team. Claimant would miss at least 16 hours of work a month due to the use of intoxicating substances or exacerbations in mental symptoms from the same.

Tr. 21.

At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 26.

At step five, the ALJ determined that after considering Plaintiff's age, education, work experience, and RFC based on all of Plaintiff's impairments, including her substance use disorder, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 26.

The ALJ then performed a second five-step sequential evaluation while considering whether Plaintiff had severe impairments that would persist absent substance use. Tr. 27–35. The ALJ re-formulated the same RFC provided above. Tr. 28–29.

Upon returning to step five, however, the ALJ determined that if Plaintiff stopped the substance use, consider her age, education, work experience, and RFC, there would be a significant number of jobs in the national economy that she could perform. Tr. 34–35. Based on the Vocational Expert's ("VE") testimony, the ALJ concluded that Plaintiff had the RFC to

perform the requirements of representative occupations such as small products assembler and silver wrapper. Tr. 35. Accordingly, the ALJ concluded that if Plaintiff "stopped the substance abuse, she would be capable of making a successful adjustment to work that exists in significant numbers in the national economy." Tr. 35.

Lastly, the ALJ determined that:

> The substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if she stopped the substance abuse. Because the substance abuse disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the date the application was filed through the date of this decision.

Tr. 35.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Courts consider the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

//

DISCUSSION

Plaintiff raises a single issue on appeal, whether the ALJ provided specific and legitimate reasons for discounting the opinion of examining physician Dr. John Ellison. Particularly, Plaintiff challenges the ALJ's rejection of Dr. Ellison's assessment that Plaintiff was limited to only occasional reaching, handling, fingering, feeling, pushing, and pulling. Tr. 33, 1611. "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons" supported by substantial evidence in the record. *Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010) (quoting *Lester v. Chater*, 81 F.3d 821, 830–831 (9th Cir. 1995)). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

The ALJ gave "significant weight" to portions of Dr. Ellison's opinion. Tr. 33. Specifically, the ALJ adopted Dr. Ellison's assessments as to Plaintiff's standing, walking, and postural limitations. Tr. 33. The ALJ explained that Dr. Ellison's medical specialty as a neurologist was relevant to limitations derived from Plaintiff's neurological condition. Tr. 33. The ALJ gave "little weight" to Dr. Ellison's assessments of Plaintiff's limitations in the use of her hands. Tr. 33. The ALJ explained:

> However, little weight is given to the opinion that the claimant's lifting and carrying is limited up to 10 pounds occasionally, and she is limited to occasional reaching, handling, fingering, feeling pushing and pulling. These limitations are not supported by the clinical findings from Dr. Ellison's examination report. As discussed above, he reported that the claimant had normal upper

> extremity and grip strength, normal coordination in the extremities, and no sign of muscle atrophy. It is reasonable to infer from these clinical findings, that the claimant could lift and carry at the light exertional level without exacerbating chronic pain symptoms, and would not be limited to manipulative activities. The claimant's reports of activities such as enjoying gardening and fishing are generally consistent with the ability to lift and carry at light exertional levels, without manipulative limitations.

Tr. 33.

Plaintiff challenges the ALJ's treatment of Dr. Ellison's opinion on two grounds. First, she argues that Dr. Ellison's opinion was supported by clinical findings. For example, Dr. Ellison's assessment was based on Plaintiff's easy fatigability caused by her Chiari I decompression surgery. Tr. 1609. According to Plaintiff, fatigability would not show up on grip strength and coordination tests.

Second, Plaintiff contends that her activities of daily living including gardening and fishing are consistent with Dr. Ellison's assessment. Plaintiff claims that the record merely reflects that Plaintiff enjoys those activities, not that she engages in them. Further, gardening and fishing can be done with breaks and do not indicate an ability to handle, finger, or reach for more than a third of a workday.

The ALJ's decision was based on a reasonable interpretation of the record and is supported by substantial evidence. Dr. Ellison indicated Plaintiff's hand-use limitations on a "check box" questionnaire. Tr. 1611. He checked "Occasionally (up to 1/3)" next to reaching, handling, fingering, feeling, and push/pulling for both hands. *Id.* When prompted to identify the particular medical or clinical findings supporting his assessment, Dr. Ellison wrote "as noted." *Id.* A review of Dr. Ellison's clinical findings, however, does not support his assessment of Plaintiff's hand-use limitations. "The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v.*

*Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). An ALJ may reject "check-off" questionnaires where they "did not contain any explanation of the bases of their conclusions." *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (citation omitted); *Molina v. Astrue*, 674 F.3d 1104, 1111–12 (9th Cir. 2012) (same).

As the ALJ noted, Dr. Ellison's clinical findings showed that Plaintiff had normal upper extremity range of motion and grip strength. Tr. 1606. Dr. Ellison's physical exam also showed that Plaintiff was "[a]ble to reach, grip, release, and manipulate large and small objects with either hand, able to do rapid rhythmic alternating movements of the hands[.]" Tr. 1607. Regarding Plaintiff's motor strength and muscle bulk, Dr. Ellison wrote "Inconsistent weakness, give-way in extension and flexion of the left knee, probably not significant, otherwise normal throughout with no atrophy." Tr. 1608. Under the "Assessment and Diagnosis" portion of his examination report, Dr. Ellison did not assess any limitations with respect to Plaintiff's use of her hands. Tr. 1608. Based on this record, it was reasonable for the ALJ to interpret Dr. Ellison's clinical findings as undermining his subsequent assessment regarding Plaintiff's hand-use limitations. Dr. Ellison's examination notes provide no support for his assessment that Plaintiff's functioning is limited to only occasional reaching, handling, fingering, feeling, pushing, and pulling.

With regard to Plaintiff's daily activities, substantial evidence supported the ALJ's conclusion that Plaintiff's activities such as gardening and finishing were consistent with the ability to lift and carry without manipulative limitations. Tr. 33. Plaintiff's prior statements belie her assertion that the record lacks any indication that she actually engaged in gardening and fishing. Inconsistencies between a medical provider's opinion and a plaintiff's daily activities

may constitute specific and legitimate reason to discount that opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–02 (9th Cir. 1999)). In June of 2012, Plaintiff stated to a psychologist that she "has enjoyed outdoor activities like fishing and camping" and that she is "able to enjoy activities when she has the opportunity." Tr. 1461. In March of 2013, Plaintiff stated that she coped with family stress through gardening and outdoor activities "as much as possible" and that she was "practically living outdoors." Tr. 836–37. In May of 2013, Plaintiff stated that she likes "to camp and fish and be outside" but does not engage in those activities very often. Tr. 853.

Based on this evidence, it was a rational for the ALJ to interpret Plaintiff's activities of daily living as inconsistent with Dr. Ellison's assessment of limitations in reaching, handling, fingering, feeling, pushing, and pulling. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (explaining that where the ALJ's interpretation is rational, the court must defer to it); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (same). The ALJ reasonably concluded that Plaintiff's daily activities required the use of Plaintiff's hands beyond the limitations that Dr. Ellison described. Therefore, because the Commissioner's decision was free of legal error and supported by substantial evidence in the record, it is affirmed.

//
//
//
//
//
//
//

CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this \_\_20\_\_ day of \_\_March\_\_, 2018.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge